# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60454
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUOM VAN NGO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-88-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Luom Van Ngo appeals the sentence imposed for his guilty plea conviction for mail fraud. He was sentenced to 36 months of imprisonment and three years of supervised release and ordered to pay a $6,000 fine and $18,575 in restitution. He contends that the district court clearly erred by applying a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(C) for an offense involving sophisticated means.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60454

Section 2B1.1(b)(10)(C) provides for a two-level enhancement if the offense involved "sophisticated means." § 2B1.1(b)(10)(C). We review the district court's factual finding that § 2B1.1(b)(10)(C) applies for clear error. *United States v. Valdez*, 726 F.3d 684, 695 (5th Cir. 2013). A factual finding is not clearly erroneous so long as it is plausible in light of the record as a whole. *Id.* at 692.

Ngo defrauded the fund reserved for victims of the Deepwater Horizon oil spill by misrepresenting both that he was the owner of a commercial fishing business and that he incurred losses as a result of the oil spill. He obtained and then altered licenses for commercial fishing and created numerous fictitious business invoices to support his claim and conceal the fact that the commercial fishing business did not exist. He continued to use these fraudulent documents in additional attempts to file fraudulent claims. The investigating agent testified that most fraud cases related to the oil spill did not involve a fictitious business or supporting documentation, bringing Ngo's conduct outside the scope of a simple fraud case. Therefore, the district court's finding that this offense involved sophisticated means was plausible in light of the record as a whole and not clearly erroneous. *See Valdez*, 726 F.3d at 692, 695.

The judgment of the district court is AFFIRMED.